**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR NARSISO GONZALES-ROSALES, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-71039 <br><br> Agency No. A029-268-955 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Edgar Narsiso Gonzales-Rosales, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen and terminate deportation proceedings. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

motion to reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Gonzales-Rosales's motion to reopen as untimely, where he filed the motion nearly 19 years after his final order of deportation and failed to show he qualifies for any exception to the filing deadline. *See* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."), § 1003.2 (c) (setting forth filing deadline and exceptions). Gonzales-Rosales's contentions that the BIA mischaracterized precedent or otherwise failed to consider required factors in its analysis are not supported by the record.

We lack jurisdiction to consider Gonzales-Rosales's contentions that he lacked notice of his hearing or failed to appear due to exceptional circumstances based on advice from an asylum officer because he did not raise these contentions in this motion to reopen. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (generally requiring exhaustion of claims). Accordingly, Gonzales-Rosales's contention that the BIA violated due process in not considering these contentions fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (a petitioner must show error to prevail on a due process claim).

Finally, Gonzales-Rosales's contention that the agency lacked jurisdiction

under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), also fails. *See* 8 U.S.C. § 1252(b) (1990) (deferring to regulations to establish requirements to provide notice of the deportation proceedings); 8 C.F.R. § 242.1(b) (1990) (not requiring the time or place at which proceedings will be held to be included in the order to show cause); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from notice to appear can be cured for jurisdictional purposes by later hearing notice).

As stated in the court's June 24, 2019, order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**